IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| SILVIA A. | : | |
| | : | |
| v. | : | NO. 25-CV-5485 |
| | : | |
| FRANK BISIGNANO, | : | |
| Commissioner of Social Security | : | |

**O P I N I O N**

SCOTT W. REID                                    DATE:  March 5, 2026
UNITED STATES MAGISTRATE JUDGE

Silvia A. brought this action under 42 U.S.C. §405(g) to obtain review of the decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB").  She has filed a Request for Review to which the Commissioner has responded.  As explained below, I conclude that the Request for Review should be denied and judgment granted in favor of the Agency.

I.       *Factual and Procedural Background*

Silvia A. was born on November 30, 1982.  Record at 296.  She obtained a GED.  Record at 58.  She worked in the past as a home aide.  Record at 360.  On November 10, 2022, Silvia A. filed an application for DIB, alleging disability as of October 15, 2020, as a result of asthma, scoliosis with deformities, mobility issues, chronic pain, memory loss, vision issues, numbness in the lower extremities, depression, and insomnia.  Record at 296, 373.  Her last insured date for DIB was September 30, 2021, so the period under consideration ran only from October 15, 2020, through September 30, 2021.  Record at 57.

Silvia A.'s application was denied initially on February 14, 2023.  Record at 147.  It was denied again upon reconsideration on August 10, 2023.  Record at 160.  Silvia A. then sought review *de novo* by an Administrative Law Judge.  Record at 178.

A hearing was held in this matter on February 15, 2024.  Record at 50.  On July 3, 2024, however, the ALJ issued a written decision denying benefits.  Record at 35.  The Appeals Council denied review, permitting the ALJ's decision to stand as the decision of the Commissioner for Social Security.  Record at 1.  Silvia A. then filed this action.

II.     *Legal Standards*

The role of this court on judicial review is to determine whether the Commissioner's decision is supported by substantial evidence.  42 U.S.C. §405(g); *Richardson v. Perales*, 402 U.S. 389 (1971); *Newhouse v. Heckler*, 753 F.2d 283, 285 (3d Cir. 1985).  Substantial evidence is relevant evidence which a reasonable mind might deem adequate to support a decision. *Richardson v. Perales*, *supra*, at 401.  A reviewing court must also ensure that the ALJ applied the proper legal standards.  *Coria v. Heckler*, 750 F.2d 245 (3d Cir. 1984); *Palmisano v. Saul*, Civ. A. No. 20-1628605, 2021 WL 162805 at *3 (E.D. Pa. Apr. 27, 2021).

To prove disability, a claimant must demonstrate that there is some "medically determinable basis for an impairment that prevents him from engaging in any 'substantial gainful activity' for a statutory twelve-month period."  42 U.S.C. §423(d)(1).  Each case is evaluated by the Commissioner according to a five-step process:

> (i) At the first step, we consider your work activity, if any.  If you are doing substantial gainful activity, we will find that you are not disabled.  (ii)  At the second step, we consider the medical severity of your impairment(s).  If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in §404.1590, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.  (iii)  At the third step, we also consider the medical severity of your impairment(s).  If you have an impairment(s)

that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled.

20 C.F.R. §404.1520(4) (references to other regulations omitted).

Before going from the third to the fourth step, the Commissioner will assess a claimant's residual functional capacity ("RFC") based on all the relevant medical and other evidence in the case record. *Id.* The RFC assessment reflects the most an individual can still do, despite any limitations. SSR 96-8p.

The final two steps of the sequential evaluation then follow:

(iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make the adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

*Id.*

III.    *The ALJ's Decision and the Claimant's Request for Review*

In her decision, the ALJ determined that Silvia A. suffered from the severe impairments of scoliosis, bilateral hip dislocation and obesity. Record at 37. She found that no impairment, and no combination of impairments, met or medically equaled the severity of one of the listed impairments. Record at 39.

The ALJ wrote:

After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 C.F.R. §404.1567(a) except no climbing of ladders, ropes or scaffolds, and could occasionally balance … kneel, crouch, crawl, stoop, and climb ramps/stairs; no exposure to unprotected heights; no use of foot controls; avoid temperature extremes; and occasional exposure to dust, odors, wetness, gases, fumes, and poorly ventilated areas.

Record at 40.

Relying upon the testimony of a vocational expert who appeared at the hearing, the ALJ found that Silvia A. could not return to her former work, but that she could work in such jobs as order clerk, nut sorter, and addresser.  Record at 42.  She added that, even if the job of addresser was not "acceptable," due to having been phased out by modern technology, the positions of nut sorter and order clerk remained available.  Record at 43.  She concluded, therefore, that Silvia A. was not disabled.

In her Request for Review, Silvia A. argues that the ALJ erred in issuing an RFC assessment which was not supported by any medical opinion evidence.  She also argued that the ALJ erred in failing to develop the record to obtain the necessary medical opinion evidence.

IV.    *Discussion*

A.    *The RFC Assessment*

As Silvia A. accurately points out, the ALJ did not rely on any medical opinion evidence in developing her RFC assessment.  Angela Teresa Walker, M.D., the agency medical expert who reviewed Silvia A.'s records at the initial level found that there was insufficient evidence to permit a determination as to whether Silvia A. was disabled by her scoliosis, mobility issues, and chronic pain, in the relevant period.  Record at 151.  Upon reconsideration, Nghia Van Tran, M.D., agreed with Dr. Walker.  Record at 157.

Further, the record contains a December 8, 2015, report from an earlier denial of benefits submitted by independent consulting medical expert Craig Haytmanek, M.D.  Record at 608. However, the parties agree that this report is too old to be relevant to the period at issue here, which runs between October 15, 2020, and September 30, 2021.  Record at 41, Request for Review at 10.  Silvia A. argues that the ALJ was erroneously "playing doctor" when she issued an RFC assessment without support from any medical opinion evidence.

4

The cases in this Circuit do not unilaterally hold that an ALJ requires medical opinion evidence to support an RFC assessment. Some cases support Silvia A.'s position, citing the statement of the Court of Appeals for the Third Circuit in *Doak v. Heckler*, 790 F.2d 26, 29 (3d Cir. 1986) that "no physician suggested that the activity [the claimant] could perform was consistent with the definition of light work set forth in the regulations, and therefore the ALJ's conclusion that he could is not supported by substantial evidence." *David K. v. Commissioner of Soc. Sec.*, Civ. A. No. 22-7491, 2023 WL 8827454, at *3–4 (D.N.J. Dec. 21, 2023); *Cerifko v. Kijakazi*, Civ. A. No. 20-1884, 2022 WL 737950, at *15 (M.D. Pa. Feb. 8, 2022), *approved and adopted* 2022 WL 737510 (M.D. Pa. Mar. 10, 2022); *McKean v. Colvin*, 150 F. Supp. 3d 406, 418 (M.D. Pa. 2015).

Other judges have disagreed, looking to the remark by the Court of Appeals for the Third Circuit in *Titterington v. Barnhart*, 174 Fed. App'x 6, 11 (3d Cir. 2006), that "there is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC" and permitting an ALJ's well-supported decision to stand even in the absence of medical opinion evidence. *Tiffany S.W. v. Bisignano*, 2:34-CV-84340, 2026 WL 84340 at *7 (D.N.J. Jan. 12, 2026); *Finkin v. Bisignano*, Civ. A. No. 2412180, 2025 WL 3677654 at *8 (M.D. Pa. Dec. 18, 2025); *and see Cummings v. Colvin*, 129 F. Supp. 3d 209, 214-15 (W.D. Pa. 2015) ("the proposition that an ALJ  must always base his RFC on a medical opinion from a physician is misguided").

Thus, it is not clear that an RFC assessment is defective merely because it is based on a record that does not include medical opinion evidence. In any event, the ultimate issue is whether the evidence which does exist permitted the ALJ to issue an RFC assessment which was supported by substantial evidence. 42 U.S.C. §405(g) ("The findings of the Commissioner of

Social Security as to any fact, if supported by substantial evidence, shall be conclusive … ");

*Richardson v. Perales*, 402 U.S. 389 (1971).  The substantial evidence standard is not high.

*Biestek v Berryhill*, 587 U.S. 97, 103 (2019).  As explained above, it means only such relevant

evidence as a reasonable mind might accept to support a conclusion.  *Id*.; *Richardson*, *supra*.

The ALJ did not deny that Silvia A. suffered from severe scoliosis and bilateral hip

dislocation.  Record at 38.  She also acknowledged that Silvia A. was extremely small in stature,

at 3'10".  Record at 39, 849.  Nevertheless, her physical examinations were fairly normal, even

though at the end of the relevant period she was recovering from a July 2021 motor vehicle

accident.  Record at 876.  According to her physical therapist, she had a full range of motion in

all joints, and a normal sensory examination, with strength of 4-5/5, and a normal ability to

balance.  Record at 876-7.  She had a minimal loss of lordosis (normal inward curvature) in her

neck.  Record at 868, and see Record at 858, 861, 864.  Further, X-rays from February 8, 2021,

were not substantially different from those taken on May 7, 2015, so there was no apparent

degeneration.  Record at 1308.  The ALJ discussed all of this.  Record at 38.

The ALJ also cited Silvia A.'s testimony that she lived alone during the relevant period

and was able to drive and shop for groceries.  Record at 40, 58.  Indeed, she drove "all the time."

Record at 58.  This testimony is supported by Silvia A.'s representations in her January 4, 2023,

Function Report that she was able to bathe, clean the house, grocery shop, and make dinners

including meat and rice.  Record at 398-9.  She also wrote that she had pain when she needed to

"stand for a long time and walk a lot," but did not mention an inability to sit.  Record at 397.  In

fact, although Silvia A. testified at her hearing that she could only sit for 15-20 minutes before

changing positions, in her Function Report she wrote that she "spen[t] the day seated."  Record

at 64, 398.

Thus, substantial evidence of record supported the ALJ's conclusion that Silvia A. could engage in a limited range of sedentary work.  Therefore, there is no basis upon which this Court could interfere with her decision.  *Richardson v. Perales*, *supra*, at 398 U.S. 401.

B.      *The ALJ's Duty to Develop the Record*

According to Silvia A., the ALJ should have adopted the opinions of Drs. Walker and Tran that the evidence of record was insufficient to permit a finding as to whether she was disabled by scoliosis/mobility issues and chronic pain during the relevant period, and should then have sought more evidence.  In a Social Security case, "[i]t is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits."  *Sims v. Apfel*, 530 U.S. 103 (20000).  This is true even where the claimant is represented by counsel, because an administrative proceeding is not adversarial in nature.  *Felder v. Colvin*, Civ. A. No. 16-1231, 2016 WL 8739674 at *3 (E.D. Pa. Nov. 1, 2016), *approved and adopted* 2017 WL 1397312 (E.D. Pa. Apr. 19, 2017); *Nguyen v. Astrue*, Civ. A. No. 06-3343, 2008 WL 200175 at *4, n. 3 (E.D. Pa. Jan. 23, 2008); *Schwartz v. Halter*, 132 F. Supp.2d 640, 656 (E.D. Pa. 2001).

The Commissioner argues that a new examination by an independent consulting expert after Silvia A. filed this case in late 2022 would have done little to illuminate her condition between October 15, 2020, and September 30, 2021.  Nevertheless, as Silvia A. points out, a retrospective medical examination can at times support a finding of past impairment.  *See Newell v. Commissioner of Soc. Sec.*, 347 F.3d 541, 547 (3d Cir. 2003).  Short of this, the ALJ could have ordered an independent consulting physician to review the records from the relevant period.

Nevertheless, it does not appear that the ALJ violated her duty to develop the record. As Silvia A. herself observes, the Agency "may" (i.e., in its discretion) obtain a consultative examination "when the evidence as a whole is insufficient" to permit a decision. 20 C.F.R. §404.1519a(b). Here, as discussed above, the evidence as a whole was sufficient to permit a decision. The ALJ pointed to substantial evidence supporting her conclusion that Silvia A. could perform a limited range of sedentary work.

Further, Silvia A. was represented by counsel in this case. Counsel was aware that the record did not contain medical opinion evidence relevant to the time period at issue, but she did not request a new consultative examination. On the contrary, she specifically moved at the hearing for the record to be closed. Record at 55. Several cases in this Circuit have quoted *Maes v. Astrue*, 522 F.3d 1093, 1098 (10th Cir. 2008), in which the Court of Appeals for the Tenth Circuit stated: "Although the ALJ has the duty to develop the record, such a duty does not permit a claimant, through counsel, to rest on the record – indeed to exhort the ALJ that the case is ready for decision – and later fault the ALJ for not performing a more exhaustive investigation." *See Parris v. Commissioner of Soc. Sec.*, Civ. A. No. 20-13454, 2023 WL 4702196 at *10 (D.N.J. July 24, 2023); *Alejandra D. v. Commissioner of Soc. Sec.*, Civ. A. No. 22-175, 2023 WL 2609134 at *8 (D.N.J. Mar. 22, 2023); *Wert v. Commissioner of Soc. Sec.*, Civ. A. No. 13-3705, 2015 WL 1808594 at *13 (E.D. Pa. Apr. 21, 2015); *Harrison v. Colvin*, Civ. A. No. 14-719, 2014 WL 5148156 at *4 (W.D. Pa. Oct. 14, 2014).

V.      *Conclusion*

In accordance with the above discussion, I conclude that the Plaintiff's Request for

Review should be DENIED, and judgment entered in favor of the Commissioner.


BY THE COURT:


*/s/ Scott W. Reid*


_____
SCOTT W. REID
UNITED STATES MAGISTRATE JUDGE